IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHRISTIAN FERRON, on behalf of himself and others similarly situated, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 20-3123 |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| PRECISION DIRECTIONAL SERVICES, INC., and PRECISION DRILLING CORPORATION | § § § § | COLLECTIVE ACTION |
| *Defendants.* | § § | |

## COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1. Precision Directional Services, Inc., and Precision Drilling Corporation (collectively "Defendants"), provide oilfield services in Texas, are violating the Fair Labor Standards Act ("FLSA") by forcing their employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2. Plaintiff Christian Ferron (hereinafter "Mr. Ferron" or "Plaintiff") worked for Defendants as a Measurement While Drilling ("MWD") field operator and was damaged by this illegal policy or practice. Mr. Ferron was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former MWD field operators, drillers, and technicians to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

1

## II.     JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4.     Venue is proper because Defendant Precision Directional Drilling Services Inc. maintains its principal place of business in the Southern District of Texas.  28 U.S.C. § 1391(b)(1).

## III.     THE PARTIES

5.     Mr. Ferron worked as an MWD field operator for Defendants during the relevant time period.  He is a resident of the Southern District of Texas, and he performed machine operations work for Defendants at various locations in Texas, Louisiana, and Oklahoma.  Plaintiff Christian Ferron's consent is attached as Exhibit A.

6.     The class of similarly situated employees consists of all current and former operators, drillers, and technicians, who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.     Defendant Precision Drilling Corporation is a domestic for-profit corporation with a principal place of business at 10350 Richmond Avenue, Suite 700, Houston, Texas 77042 that is engaged in commerce in the United States and is otherwise subject to the FLSA.  Defendant employs Plaintiff within the meaning of the FLSA.  Defendant Precision Drilling Corporation may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas Texas 75201.

8.     Defendant Precision Directional Services, Inc. is a domestic for-profit corporation with a principal of business at 10350 Richmond Avenue, Suite 700, Houston, Texas 77042 that is engaged in commerce in the United States and is otherwise subject to the FLSA.  Defendant employs Plaintiff within the meaning of the FLSA.  Defendant Precision Directional Services, Inc.

may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

9. Upon information and belief, Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight, and control over the work Plaintiff and the class of similarly situated employees. As a result, all Defendants are responsible, both individual and jointly, for compliance with all of the applicable provisions of the act, including overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## IV. BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants operate an oilfield service company with significant operations throughout United States. Defendants provide horizontal and directional drilling services through MWD, directional drilling, and field support professionals. In order to provide services to many of their customers, Defendants contract with certain third-party entities to provide them with employees to perform the necessary work, including MWD field operators like Mr. Ferron. Defendants and the third-party entities who staffed the oilfield personnel to Defendants to work for or on their behalf jointly hired and fired, supervised and controlled, set pay, determined hours, and approved time sheets with respect to these workers. Many of these employees worked for Defendants on a day-rate basis and were misclassified as independent contractors. While the exact job titles and job duties may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

12. Defendants employ of field operators, drillers, and technicians, including MWD field operators, to operate oilfield machinery, collect and relay data, assisting with the preparation of equipment, rigging up and down computers and tools, and performing other oilfield related

functions on various job sites throughout the United States. The daily and weekly activities of Plaintiff and Members of the Class were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

13. While Plaintiff and Members of the Class were classified as independent contractors, Defendants exercised control over all aspects of their jobs. Defendants control Plaintiff's opportunities for profit and loss by dictating the days and hours they worked and the rate they were paid. Defendants controlled all the significant or meaningful aspects of the job duties performed by Plaintiff. Moreover, Defendants exercised control over the hours and locations that Plaintiff worked, the equipment and tools used, and rates of pay received.

14. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week. Plaintiff and Members of the Class primarily perform manual and technical labor duties. However, Defendants did not pay their field operators, drillers, and technicians one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendants paid their non-exempt employees a fixed day-rate, despite working at least 84 hours or more per week. As a result, Defendants failed to properly compensate their employees under the FLSA.

V. **PLAINTIFF'S ALLEGATIONS**

A. *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

15. The preceding paragraphs are incorporated by reference.

16. Plaintiff worked for Defendants as an MWD field operator, primarily performing routine manual and technical labor duties that were largely dictated by Defendants and/or their clients. More specifically, Plaintiff's primary job duties included operating and maintaining oil field machinery and tools, collecting and relaying data, rigging up and down computers and

4

equipment, and reporting daily activities to supervisors for analysis. Plaintiff would conduct his day-to-day activities within designated parameters and in accordance with a predetermined well plan. Plaintiff's activities were routine and largely governed by standardized plans and checklists created by Defendants. As a field operator, Plaintiff did not have any supervisor or management duties.

17. Plaintiff typically worked 12 to 14-hour days, and frequently worked seven consecutives during a workweek. In a workweek, Plaintiff often worked 84 hours or more.

18. Throughout Plaintiff's employment, he was misclassified as an independent contractor and paid on a day-rate basis, regardless of the number of hours worked per workweek. In other words, Plaintiff received a fixed, day-rate, without any overtime compensation, despite working 84 hours or more per workweek. Plaintiff did not receive 1.5 times his normal hourly rate for all hours worked over 40 in a workweek.

19. Instead of a fixed, day-rate, the FLSA requires Defendants to pay hourly compensation to non-exempt employees like Plaintiff, for each hour he is suffered or permitted to work, and to pay overtime compensation at one and a half times his regular rate of pay for each hour he worked in excess of 40 hours in a week. Defendants should have paid Plaintiff for 40 hours of regular pay and at least 44 hours or more of overtime compensation in a typical week, but Defendants failed to pay Plaintiff that amount.

20. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of overtime compensation to which he is rightfully entitled.

**B.     *Defendants Willfully Violated the FLSA.***

21. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and

Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

22. Defendants had a policy and/or practice of not paying their operators, drillers, and technicians for all of the overtime they worked each week at the proper rate. Defendants should have paid their operators, drillers, and technicians an hourly rate, plus overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

23. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI.    FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

24. The preceding paragraphs are incorporated by reference.

25. Plaintiff is aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are or were employed by Defendants as operators, drillers, and/or technicians, performing the same or similar duties as Plaintiff.

26. As with Plaintiff, Members of the Class frequently work more than 40 hours in a workweek without receiving all the overtime compensation they were due—i.e., Defendants failed to pay them 1.5 times their regular hourly rates for all hours worked over 40 in a workweek.

27. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendants to pay their operators, drillers, and technicians a fixed day rate, regardless of the number of hours worked per workweek. As such, the Members of the Class are owed additional overtime compensation for precisely the same reasons as Plaintiff.

28. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former field operators, drillers, and technicians, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

29. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

30. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

31. The preceding paragraphs are incorporated by reference.

32. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the Class by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207.

33. Plaintiff and Members of the Class are entitled to recover one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a week, less any overtime amounts already paid.

34. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

35. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  29 U.S.C. § 216 (b).

## VIII.   JURY DEMAND

36. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

**PRAYER**

WHEREFORE, Plaintiffs request that this Court award them and Members of the Class judgment against Defendants Precision Directional Services, Inc., and Precision Drilling Corporation for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 4th of September, 2020.

Respectfully submitted,

BAILEY COWAN HECKAMAN PLLC

By: /s/ Robert W. Cowan
Robert W. Cowan
Attorney-in-Charge
Federal Bar No. 33509
Texas Bar No. 24031976
Katie R. Caminati
Texas Bar No. 24098079
5555 San Felipe St., Suite 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com
kcaminati@bchlaw.com