United States District Court
Southern District of Texas
**ENTERED**
December 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIAN FERRON, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:20-cv-03123 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PRECISION | § | |
| DIRECTIONAL | § | |
| SERVICES INC and | § | |
| PRECISION DRILLING | § | |
| CORPORATION, | § | |
| Defendants. | § | |

### ORDER ADOPTING
### MEMORANDUM AND RECOMMENDATION

Plaintiff Christian Ferron is a former employee of Defendants Precision Directional Services, Inc and Precision Drilling Corporation. He brings this action under the Fair Labor Standards Act individually and for others similarly situated for unpaid overtime compensation. See Dkt 15.

Ferron asserts that he was previously employed by Defendants after being referred by RigUp Inc, an oilfield service company that pairs workers in the oil industry with available jobs and facilitates payment for those utilizing their service. Id at ¶ 11; see also Dkt 20 at 7–8. But Ferron claims that he and others were misclassified as independent contractors while employed by Defendants and that as such, they were improperly paid (under the FLSA) a fixed daily rate for all hours worked instead of an overtime rate for hours worked over forty. Dkt 15 at ¶¶ 12, 14–15. Of note, two other individuals consented to opting into the

collective action pursuant to 29 USC § 216(b) after Ferron filed his complaint. Dkts 13 & 14.

The case was referred for disposition to Magistrate Judge Sam S. Sheldon. Dkt 17. Defendants moved to dismiss Ferron's claims on the merits. Dkt 10. And they moved to compel arbitration on the basis that Ferron's claims are within the scope of the arbitration agreement between Ferron and RigUp. Dkt 20 at 7–8; see also Dkt 20-2 (arbitration agreement). Magistrate Judge Sheldon considered and ruled upon both motions. He ultimately recommended that the motion to compel arbitration be granted, that Ferron's claims be dismissed with prejudice, and that the motion to dismiss all claims on the merits be denied as moot. Dkt 27 at 15. As to the putative opt-in plaintiffs, he observed that they aren't yet "party-plaintiffs" in this case and recommended that they be dismissed without prejudice. Id at 6 & 15 n 13.

Ferron timely objected. He contends that the Magistrate Judge erred in determining that his claims are within the scope of the arbitration agreement and in improperly dismissing his claims with prejudice prior to a finding of arbitrability by an arbitrator. Dkt 28.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglas v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Comm Note (1983).

The Court has reviewed *de novo* the objections by Ferron. His objections to the substantive rulings lack merit and disposition is clearly controlled by authority cited in the Memorandum and Recommendation. In particular, a valid arbitration agreement exists between Ferron and RigUp. Dkt 27 at 7–8. Defendants are third-party

beneficiaries of that agreement. Id at 8–12. And the threshold question of arbitrability is delegated to the arbitrator. Id at 12–15.

Beyond objections as to the merits, Ferron objects that Defendants impermissibly presented argument concerning the delegation clause only in their reply brief. Dkt 28 at 13. To the contrary, the issue can fairly be understood as within the ambit of the motion itself, which is styled as a *motion to compel arbitration*. Dkt 20. Regardless, the argument in reply is directly responsive to matters raised by Ferron in his response. Compare Dkt 24 at 19–22, with Dkt 25 at 8–9. That is exactly the purpose of a reply brief. And even if construed as a new argument, Ferron could have sought leave to surreply, but didn't.

Ferron also objects to dismissal of this action in its entirety with prejudice. He argues that the arbitrator may well decide that the claims to be litigated aren't within the scope of the arbitration agreement, leaving him without recourse to return here in such event. Dkt 28 at 14–15. Judge Sheldon indicated that the disposition here upon order of arbitration could be handled either by dismissal or by a stay of proceedings, with citation to authority that any dismissal could be with prejudice. Dkt 27 at 15, citing *Alford v Dean Witter Reynolds Inc*, 975 F2d 1161, 1164 (5th Cir 1992). Dismissal with prejudice is thus proper. But for the avoidance of doubt, Ferron may return here and seek leave to reopen these proceedings if the arbitrator happens to decide that the claims aren't within the scope of the arbitration agreement.

Ferron also objects that the putative opt-in plaintiffs should have also been considered and fully analyzed as party-plaintiffs, and regardless, any dismissal of them should be without prejudice. Dkt 28 at 14–15. As to the former argument, they simply aren't yet party-plaintiffs. See Dkt 27 at 6, citing *Baugh v A.H.D. Houston Inc*, 2020 WL 2771251, *8 (SD Tex) (those filing consent-to-join forms aren't parties until court grants conditional certification of collective action) and *Cooper v Terminix International Company*, 2018 WL 1998973, *5–6 (SD Tex) (same). As to

3

the latter argument, Judge Sheldon was clear that their dismissal—to the limited extent their claims could even be considered as pending here—should be (and hereby is) one without prejudice. Dkt 27 at 15 n 13.

The Court has otherwise considered the Memorandum and Recommendation and reviewed the pleadings, the response, and the reply. No clear error appears.

The objections by Plaintiff Christian Ferron are OVERRULED. Dkt 28.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 27.

The motion by Defendants Precision Directional Services, Inc and Precision Drilling Corporation to compel arbitration is GRANTED. Dkt 20.

The parties are ORDERED to submit their dispute to binding arbitration.

The claims by Plaintiff Christian Ferron are DISMISSED WITH PREJUDICE. He may seek leave to reopen these proceedings if appropriate after resolution of proceedings in arbitration.

The motion to dismiss by Defendants is DENIED AS MOOT. Dkt 10.

SO ORDERED.

Signed on December 14, 2021, at Houston, Texas.

*[signature: Chas R Eshridge]*
Hon. Charles Eskridge
United States District Judge

4